IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP AND COOPERATION TRUST FUNDS, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No.　08 CV 2400 |
| v. | ) ) ) | Judge Guzman |
| P & S INDUSTRIAL & COMMERCIAL PAINTING, INC., an Indiana Corporation | ) ) ) | Magistrate Judge Valdez |
| Defendants. | ) ) | |

**ANSWER TO COMPLAINT**

NOW COMES the Defendant, P & S INDUSTRIAL & COMMERCIAL PAINTING, INC., an Indiana Corporation, by and through its attorneys, BERGLUND & MASTNY, P.C., and for the Answer to Complaint, states as follows:

**Count I**

**Jurisdiction and Venue**

1.　This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a) and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

**ANSWER:　Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.**

2.　The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section

1132(e) as the Plaintiffs Funds are administered here in this judicial district.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERSAND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP AND COOPERATION TRUST FUNDS ("the Funds") and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

**ANSWER:** **Defendant admits that the Funds are Plaintiffs, but denies that unnamed Trustees of the Funds have standing to bring this action.**

4. The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C., Section 186 et. seq. and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et.seq. and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 5 of**

**Plaintiff's Complaint with respect to all Funds except the Joint Cooperation Trust to the extent said Fund is not an ERISA Fund and Defendant therefore denies the remaining allegations of Paragraph 5.**

6. P & S INDUSTRIAL & COMMERCIAL PAINTING, INC. ("P&S"), an Illinois Corporation, on or about June 15, 2001, executed a Labor Agreement with the Union and adopted the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations.

**ANSWER:   Defendant denies that it is an Illinois corporation.  Defendant admits the remaining allegations in paragraph 6.**

### The Agreements

7. Pursuant to the provisions of the Labor Agreement, P&S is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements.  In addition, P&S is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

**ANSWER:   Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.**

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, P&S is required to submit all necessary books and records to Plaintiffs' auditors for the purpose of determining whether or not P&S is in compliance with its obligation to contribute to

the Funds.  In addition, the Labor Agreement and the Trust Agreements require P&S to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

**ANSWER:    Defendant admits that it is required to submit all necessary books and records to determine whether or not P&S is in compliance with its obligation to contribute to the Funds.  P&S admits that the Labor and Trust Agreements require employers to pay in certain instances liquidated damages, auditor fees, and all attorney's fees and court costs incurred by the Funds in the collection process, but P&S denies that it is so liable for payment of such amounts to Plaintiffs in this case.**

### The Claim

9.      P&S has breached the provisions of the Labor Agreement and Trust Agreements by failing to submit reports and contributions for the period from November, 2007 through the present.

**ANSWER:    Defendant denies the allegations made in this paragraph.**

10.     Pursuant to the provisions of the Labor Agreement and Trust Agreements, P&S is required to pay liquidated damages, auditor fees and all attorney's fees and court costs incurred by the Funds in the collection process.

**ANSWER:    Defendant admits that said Agreements require payments of liquidated damages, auditor fees and all attorney's fees and court costs in certain instances, but P&S denies that it is liable for payment to Plaintiffs for said damages, auditors fees, attorney's fees, and court costs.**

11.     Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:    Defendant has insufficient knowledge to admit or deny the allegations made in paragraph 11.**

12.    Plaintiffs have been required to employ Arnold and Kadjan to collect the monies that may be found to be due and owing from P&S.

**ANSWER:    Defendant denies the allegations made in paragraph 12.**

13.    P&S is obligated to pay the attorney's fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g) (D).

**ANSWER:    Defendant denies that it is obligated to pay attorneys fees and court costs.**

14.    Pursuant to 29 U.S.C. Section 1132(g)(2)( c), Plaintiffs are entitled to an amount equal to the greater of:

(I)    interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:    Defendant admits that Section 1132(g)(2)(c) states that Trust Funds are entitled to amount equal to the greater of interest on unpaid contributions, or liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due, but Defendant denies that it is liable to Plaintiffs for said amounts.**

**Relief Sought**

WHEREFORE, Defendant prays that the Complaint be dismissed and for such other relief deemed just and equitable.

Respectfully submitted,

By /s/ Joseph P. Berglund
One of Its Attorneys

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-2229
(630) 990-0234
J:\C-Drive\WPDOCS\P & S INDUSTRIAL\Answer to Complaint.wpd